SIGNED.

Dated: February 12, 2009

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| EUGENE A. BERTRAND and MARJORIE BERTRAND, | No. 4:08-bk-16713-JMM |
| Debtors. | **MEMORANDUM DECISION** |

JPMorgan Chase Bank, N.A. ("Movant" or the "Bank") has moved for stay relief regarding a 2007 Cadillac Escalade, VIN 1GYFK63857R282791 (Dkt. #19). A hearing was held on February 2, 2009. At the hearing, the facts were not in dispute. After considering the facts and the law, the court now rules.

## JURISDICTION

This matter is a core proceeding over which this court has jurisdiction. 28 U.S.C. §§ 157(b) and 1334.

## ISSUE

Should the stay be lifted?

# **FACTS**

1. On or about November 13, 2006, the Debtors purchased a new 2007 Cadillac Escalade from Don Mackey Oldsmobile-Cadillac, Inc. in Tucson, Arizona.

2. The Mackey dealership assigned the retail finance contract to the Movant shortly thereafter.

3. The Debtors filed a chapter 13 petition on November 19, 2008. They filed a chapter 13 plan on November 20, 2008. Although the Debtors listed the vehicle as an asset (Schedule B), they did not list Movant as a secured creditor (Schedule D). Instead, they listed "Chase Manhattan" as an <u>unsecured</u> creditor for $25,000 on a vehicle which their son, Von Cox, "owns and makes payments." (Schedule F.)

4. The Debtors' plan contains no reference, at all, to the vehicle, nor how it is to be paid for under the plan's provisions. (Dkt. #8.)

5. On January 29, 2009, the Debtors amended Schedule D to add "Chase Manhattan" as the lienholder on the 2007 Cadillac Escalade. (Dkt. #35.)

6. On December 19, 2008, JPMorgan Chase Bank, N.A. filed a motion for stay relief, alleging two things: (a) that the vehicle's payment requirements are nowhere contained within the plan, and (b) that the Debtors' son, Von Cox, possessed the car full-time, drove it, and that the Bank felt this to be a contractual default.

7. The Debtors admitted that Von Cox was in possession of the vehicle, on a full-time basis, but responded that since the payments were current, this default was not a material one.

8. The Bank presented the affidavit of Chuck Sewell, one of its employees charged with responsibility for the subject loan. He noted that payments had been late nine times; that the loan was now current; that Von Cox was in possession of the vehicle without the Bank's permission (a violation of the contract with the Debtors); and that Von Cox and his spouse are currently in chapter 7 bankruptcy proceedings and had filed eight other bankruptcy cases since 1988. Mr. Sewell noted that the Coxes were not credit-worthy enough, in their own right, to have obtained a JPMorgan Chase Bank, N.A. loan of the type incurred by the Debtors.

1         9.     The Debtors contend that, because the loan is current, the Bank's apprehension is misplaced.

## LEGAL ANALYSIS

The Debtors do not need the vehicle for their chapter 13 reorganization. The contract between them and the Bank has been breached. The Bank did not intend for the vehicle to be driven, full-time, by parties other than those with whom they contracted. Aside from all of the other factual reasons set forth above, that single fact alone is dispositive. It simply was not the intention of the parties, from the unambiguous contract which they both signed, to place another person in full control of the Bank's collateral.

The Bank lent credit to the Debtors, not to the Debtors' other family members. The Debtors agreed to the unambiguous contractual provisions. It is immaterial that the Debtors' son is current on the payments. The fact that someone else is in possession of the vehicle is reason enough for the Bank to feel itself insecure.

The contract has been breached; there is no bankruptcy reason to keep the stay in place.

## RULING

The stay shall be lifted. A separate order will be entered. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

| | |
|---|---|
| 1 | COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following: |
| 2 | |
| 3 | Ronald Ryan, Attorney for Debtor |
| 4 | Patricia Doyle-Kossick, Attorney for JPMorgan Chase Bank, N.A. |
| 5 | Dianne C. Kerns, Trustee |
| 6 | Office of the U.S. Trustee |